IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Irvin Jefferson Wilson, #0811 ) | |
| aka Irvin Jefferson Wilson # 158202 ) | 6:15-CV-4809-MGL-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Tina, Nurse, House of Raeford, Columbia Farms, Greenville, SC, ) | |
| Luke Brewer, House of Raeford, Columbia Farms, Greenville, SC ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Irvin Jefferson Wilson, proceeding *pro se*, brings this action, presumably pursuant to Title VII[1] and alleges he has been discriminated against because of his age and race. This matter is before the court pursuant to 28 U.S.C. 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). For the reasons that follow, the undersigned recommends that the district judge dismiss this case, without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff's statement of claim centers around allegations that while employed at Columbia House/ House of Raeford Farms, Inc. where he worked on the bird hanging line, he became ill with what he believes was the flu. Complaint at 3, Doc 1-1, at 5. Plaintiff alleges that he went to Defendant Tina's (the nurse) office, but that initially she was not in her office, and that when he did see her she refused to examine Plaintiff's vital signs, but sent him home and told him to come back

---

[1] To the extent that Plaintiff asserts his action pursuant to 18 USC §1983, the Court notes, as discussed in greater detail below, that Plaintiff has failed to name any state actor.

to work on Monday. Doc. 1 at 3-4. Plaintiff alleges he was sick over the weekend, but came back to work on Monday. He then called in sick to work on Tuesday, Wednesday, Thursday and Friday. *Id*. at 4. Plaintiff states that he was terminated from his job for missing too many days. *Id*. at 5. Plaintiff indicates that he applied for unemployment benefits and that his benefits were approved, but that he was disqualified for twenty weeks. *Id*. Plaintiff appealed the disqualification period, but was ultimately unsuccessful and apparently did not receive any benefits. *Id*. at 5-6. Plaintiff asserts that he had a constitutional right to draw unemployment benefits. Plaintiff further asserts that he believes he has been discriminated against because of his race and age. In support of his claims, Plaintiff indicates that Defendant Tina[2] did not make him an appointment with a doctor, but that he knew of other younger non black men being taken for medical treatment. *Id*. at 6. As to Defendant Brewer, Plaintiff sues him on a theory of supervisory liability. Plaintiff seeks monetary damages. *Id*. at 8.

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint. This court is required to liberally construe pro se complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such pro se complaints are held to a less stringent standard than those drafted by attorneys, *id*.; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*,

---

[2]Plaintiff makes assertions that he has been denied "medical treatment." Doc. # 1 at pps 6-7. He also asserts that Defendant Brewer has been "deliberately indifferent to the need to train Ms. Tina about discrimination and retaliation against peoples race and age." See Doc. # 1 at p. 7.

405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555.56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dept of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Fed. R. Civ. P. 8 for all civil actions). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or conjure up questions never squarely presented to the to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when the filing fee is paid, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous. *See Ross v. Baron*, No. 12-1272, 2012 WL 3590914, at *1 (4th Cir. Aug. 22, 2012); *see also Mallard v. United States Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 307.08 (1989) (Section 1915(d) . . . authorizes courts to dismiss a frivolous or malicious action, but there is little doubt they would have power to do so even in the absence of this statutory provision.).

B.    Analysis

As an initial matter, the Court notes that Plaintiff has named as Defendants two individuals,

3

both of who are employed with a private company.[3] In order to state a cause of action under 42 U.S.C. § 1983,[4] a plaintiff must allege that: *(1)* "some person has deprived him of a federal right", and *(2)* "the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). *See also* 42 U.S.C. § 1983; *Monroe v. Pape,* 365 U.S. 167, 171, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). The pleading fails to provide any facts to demonstrate that either named Defendant is an employee of, or associated in any manner with, a state or governmental entity. To the contrary, the descriptive modifiers used by Plaintiff indicate that both Defendants are private individuals. As Plaintiff fails to provide factual information to establish state action by the Defendants, he fails to state a cognizable claim under § 1983. Thus, Plaintiff's claims, that may be liberally construed to relate to possible deliberate indifference to Plaintiff's medical needs and/or a possible violation of Plaintiff's equal protection rights are subject to summary dismissal. *See Smith v. Bridgestone N. Am. Tire Operations, LLC*, 2010 WL 4027972 (D.S.C. 2010), aff'd, 420 F. App'x 300 (4th Cir. 2011).

To the extent that Plaintiff seeks to bring a race or age discrimination claim pursuant to Title VII, Plaintiff's case is subject to summary dismissal.

The United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. *See Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167

---

[3] http://www.houseofraeford.com/corporate/page.asp?pageID=19&typein=&display=

[4] Based on some of the phrasing using by Plaintiff, and taking judicial notice of his recent Section 1983 filings (See 4:15-cv-4276 and 6:15-cv-4835) the Court thinks it is possible that Plaintiff seeks to file his claim pursuant to Section 1983.

L.Ed.2d 929 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555. Expounding on its decision in *Twombly*, the United States Supreme Court stated in *Iqbal*: [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (citations omitted) (quoting *Twombly*, 550 U.S. at 555, 556, 557, 570 and citing to *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). The court "need not accept the [Plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir.2006); *see also Walker v. Prince George's Cnty.*, 575 F.3d 426, 431 (4th Cir.2009) (*citing Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir.1999)).

To establish a prima facie case of racial discrimination in the enforcement of employee disciplinary measures under Title VII, the plaintiff must show: (1) that he is a member of the class protected by Title VII, (2) that the prohibited conduct in which he engaged was comparable in

seriousness to misconduct of employees outside the protected class, and (3) that the disciplinary measures enforced against him were more severe than those enforced against those other employees. *See Moore v. City of Charlotte*, 754 F.2d 1100, 1105–06. If the plaintiff succeeds in proving a prima facie case, the burden of going forward shifts to the employer, who must articulate a non-discriminatory reason for the difference in disciplinary enforcement. Should the employer articulate such a non-discriminatory reason, the burden shifts back to the plaintiff to demonstrate that the employer's reasons are not true but instead serve as a pretext for discrimination. The plaintiff, however, always bears the ultimate burden of proving that the employer intentionally discriminated against him. *See Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981); *Moore,* 754 F.2d at 1106; *Cook v. CSX Transp. Corp.*, 988 F.2d 507, 511 (4th Cir. 1993).

Similarly, in order to make out a prima facie case under the ADEA, Plaintiff must demonstrate (1) that he was a member of a protected age group; (2) that he was subject to an adverse employment action; (3) at the time of the adverse employment action, Plaintiff's job performance met the employer's reasonable expectations; and (4) that the plaintiff was replaced by a younger individual. *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315 (4th Cir. 1993) (holding as modified by *Stokes v. Westinghouse Savannah River Co.*, 206 F.3d 420 (4th Cir. 2000)). The fourth element can be satisfied by showing circumstances giving rise to a reasonable inference of unlawful discrimination. *See Palomino v. Concord Hosp. Enterprises Co.*, 2015 WL 5089670, at *14, FN 5, (D.S.C. 2015)(citing <u>*Reynolds v. Am. Nat. Red Cross,* 701 F.3d 143, 150 (4th Cir.2012)</u>).

Plaintiff offers insufficient facts in his Complaint to establish a prima facie case of either race or age discrimination. Plaintiff himself alleges that he was terminated for missing too many days

6

from work, and alleges only that other non black, younger individuals were taken for medical treatment. Thus he fails to allege others similarly situated were treated differently.  Accordingly, the Court concludes that any claims of discrimination are subject to summary dismissal for failure to comply with the pleading requirements of Rule 8. Also, there is no individual liability under Title VII and therefore, Plaintiff fails to state a claim under Title VII against the named defendants. *See Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 181 (4th Cir. 1998).

Finally, to the extent that Plaintiff challenges the denial of unemployment benefits by the SCDEW, neither of the named individual defendants are in any way responsible for the decision of the SCDEW as they are not employed by the SCDEW. To the extent that Plaintiff seeks to sue the SCDEW it is noted that the SCDEW is an agency of the State of South Carolina. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts. *See Alden v. Maine,* 527 U.S. 706, 713, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999) (immunity "is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today ... except as altered by the plan of the Convention or certain constitutional Amendments"); *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 76, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (Eleventh Amendment prohibits Congress from making the State of Florida capable of being sued in federal court). Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1889), held that the purposes of the Eleventh Amendment, *i.e.,* protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. Thus, the Eleventh Amendment bars such suits unless the state has waived its immunity or

Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. Therefore, SCDEW is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Federal Maritime Commission v. SC State Ports Authority,* 535 U.S. 743, 122 S.Ct. 1864, 152 L.Ed.2d 962 (2002); *Belcher v. SC Bd. of Corrections,* 460 F.Supp. 805, 808–809 (D.S.C.1978). Because SCDEW, even if considered a defendant, is entitled to immunity pursuant to the Eleventh Amendment, Plaintiff's claims related to his unemployment benefits are subject to summary dismissal. *See generally Gregg Wilson v. EFC Trade Inc.*, 2013 WL 394150, at *2 (D.S.C. 2013) report and recommendation adopted sub nom. *Gregg Wilson v. ECF Trade Inc.*, 2013 WL 394179 (D.S.C. Feb. 1, 2013).

III.     Conclusion

For all of the foregoing reasons, it is recommended that the complaint be dismissed without prejudice and without issuance and service of process. It is also recommended that the court decline to exercise supplemental jurisdiction over any state-law claims presented.

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

March 8, 2016  
Florence, South Carolina

Plaintiff's attention is directed to the important notice on the next page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).